IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOUIS DEWAYNE SHEPHERD | § | |
| v. | § | CIVIL ACTION NO. 6:23cv5 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Louis Shepherd, proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner pleaded guilty to and was convicted of aggravated assault with a deadly weapon - pointing a gun at his brother Allen Shepherd - in the 21st Judicial District Court of Smith County, Texas on January 28, 2019, receiving a sentence of eight years' deferred adjudication probation. He did not take a direct appeal. On March 30, 2020, the State filed a motion to adjudicate guilt, alleging that Petitioner had violated the terms of his community supervision by possessing marijuana and cocaine. Petitioner pleaded true to the motion to adjudicate, and on July 6, 2020, he was adjudicated guilty and sentenced to 11 years in prison. On April 14, 2021, the Twelfth Judicial District Court of Appeals affirmed the conviction, and Petitioner did not seek discretionary review from the Texas Court of Criminal Appeals. <u>Shepherd v. State</u>, slip op. no. 12-20-00160-CR, 2021 Tex.App. LEXIS 2835, 2021 WL 1418399 (Tex.App.-Tyler, April 14, 2021, no pet.).

Petitioner then filed an application for the writ of habeas corpus, signed on February 7, 2022, in the state district court. This petition was denied without written order by the Texas Court of Criminal Appeals on November 16, 2022. He signed the present federal habeas petition on December 19, 2022.

## II. The Petition for Habeas Corpus Relief

In his petition, Petitioner asserts that: (1) he received ineffective assistance of counsel in that his attorney, Clifton Roberson, failed to investigate a possible defense of self-defense; (2) counsel failed to subpoena available video evidence; (3) Petitioner's sister Linda Henderson has recanted her previous statement, but counsel failed to object to stipulations of evidence despite knowing of the recantation; (4) the trial court erred in not ordering the case taken to trial based on Petitioner's testimony of not pulling a gun on anyone, with the object in fact being a cordless drill; (5) the prosecutor committed misconduct in that law enforcement told Linda Henderson that they would contact her but they never did, nor did they subpoena the video; (6) and law enforcement did not investigate Petitioner's brother Allen Shepherd who has a history of violent conduct.

The Respondent has filed an answer arguing that the petition is barred by the statute of limitations. Petitioner did not file a response to the answer.

## III. Legal Standards and Analysis

<u>A. The Law on Limitations</u>

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)**  the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)**  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 **(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  The Fifth Circuit has held that an order of deferred adjudication is a "final judgment" for purposes of the federal habeas limitations period. Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005). Under Texas law, deferred adjudications are immediately appealable upon entry of the initial order, triggering the 30 day limitations period for filing a notice of appeal; as a result, a defendant subject to a deferred adjudication may only appeal issues related to the original plea, including sufficiency of the evidence, when the deferred adjudication is originally imposed, not upon revocation. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999); United States v. Mills, 843 F.3d 210, 216-17 (5th Cir. 2016). All of the grounds for relief raised by Petitioner concern his original placement on deferred adjudication in January of 2019, not the adjudication of guilt in July of 2020.

  Thus, Petitioner had the right to appeal his placement on deferred adjudication at the time it was imposed, on January 28, 2019. The judgment of deferred adjudication became final at the expiration of the time to do so, on Wednesday, February 27, 2019. Petitioner's one-year federal limitations period began to run at that time, and expired on Thursday, February 27, 2020, unless extended through the operation of other factors.

  Petitioner has made no showing that unconstitutional State action prevented him from seeking habeas corpus relief on his claims in a timely manner, nor that he is asserting a newly recognized constitutional right. Neither has he alleged, much less shown, that he could not have discovered the factual predicates of his claim through exercise of due diligence until a later time.

While Petitioner did file a state habeas corpus petition, this petition was filed on February 7, 2022, well after the one-year limitations period expired. The Fifth Circuit has held that a state habeas corpus petition filed after the limitations period has expired does not revive any part of this period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Because Petitioner's state habeas petition was filed long after the federal limitations period had expired, it had no effect upon that period.

Nor has Petitioner shown that the limitations period should be equitably tolled. The Fifth Circuit has expressly held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this decision, it should be noted that the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. Felder, 204 F.3d at 173; Fisher v. Johnson, 174 F.3d 710, 713 n.11 (5th Cir. 1999).

The Supreme Court has not specifically determined that the habeas corpus limitations period may be equitably tolled, but has stated that, assuming that such tolling is available, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).

Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See* Davis, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is mindful of the fact that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

In this case, Petitioner has failed to show that extraordinary circumstances exist justifying the equitable tolling of the limitations period. The Fifth Circuit has held that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). In Coleman, the petitioner did not file his federal habeas corpus petition for six months after learning about the state court decision. Here, Petitioner did not appeal the proceeding he is now challenging (i.e. the initial placement on deferred adjudication) and did not seek state habeas corpus relief until some two years after this proceeding became final. He has not shown any valid basis for equitable tolling.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). In this regard, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Id., *citing* Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial); *see also* House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (emphasizing that the Schlup standard is "demanding" and seldom met).

In applying the exception to the state procedural bar, the term "actual innocence" is defined as "factual" as opposed to "legal" innocence. Actual innocence means that the person did not commit the crime, while legal innocence arises when a constitutional violation by itself would require reversal. Morris v. Dretke, 90 F.App'x 62, 2004 U.S. App. LEXIS 183, 2004 WL 49095 (5th Cir., January 6, 2004), *citing* Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). In Morris, the Fifth Circuit observed that "because Morris is not arguing that

he was not the person who committed the crime, the actual innocence exception is not available to him." *See also* Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

Because the required showing is one of factual innocence, a number of courts in the Fifth Circuit have held that Petitioner's guilty plea forecloses any claim of actual innocence. Scott v. Director, TDCJ-CID, civil action no. 6:19cv605, 2020 U.S. Dist. LEXIS 244304, 2020 WL 7776793 (E.D.Tex., October 2, 2020, *Report adopted at* 2020 U.S. Dist. LEXIS 244163, 2020 WL 7773573 (E.D.Tex., December 29, 2020); King v. Director, TDCJ-CID, civil action no. 6:18cv68, 2018 U.S. Dist. LEXIS 223315, 2018 WL 7824535 (E.D. Tex., December 19, 2018), *Report adopted at* 2019 U.S. Dist. LEXIS 48900, 2019 WL 1325744 (E.D. Tex., March 25, 2019); Mayo v. Quarterman, civil action no. 3:05cv505, 2006 U.S. Dist. LEXIS 102935, 2006 WL 3755221 (N.D. Tex., Dec. 21, 2006). This is because Petitioner's plea of guilty included a judicial confession stating that he committed the offense exactly as charged in the indictment or as a lesser included offense of the offense charged in the indictment. (Docket no. 17-22, p. 32).

In any event, the Fifth Circuit has explained that evidence does not qualify as "new" under the Schlup actual-innocence standard if it was always within the reach of petitioner's personal knowledge or reasonable investigation. Hancock v. Davis, 906 F.3d 387, 390 (5th Cir. 2018) (affidavits from four witnesses who testified at trial were not "new" evidence because petitioner did not establish that they were unavailable at or before trial), *citing* Moore v. Quarterman, 534 F.3d 454, 464-65 (5th Cir. 2008). In this case, Petitioner asserts that counsel failed to obtain video evidence which would have shown his innocence, and that his sister Linda Henderson recanted a statement she made. He attaches an unsworn letter dated November 18, 2018, signed "love, sis," allegedly from Henderson, saying that she had spoken to the lawyer and "let him know it was a drill you had, I mistaken [sic] when I settler [sic] down and I pulled the alarm video and it shown what time you came in, etc. You didn't go in the backyard at all that morning, so Allen used me to set you up for BS and I'm sorry."

Petitioner has not shown that any of these matters amount to newly discovered evidence within the meaning of Schlup; on the contrary, they appear to have been within the reach of his personal knowledge or reasonable investigation. The purported recantation letter from Linda Henderson is dated November 18, 2018, before Petitioner was even placed on deferred adjudication. *See* Barron v. Director, TDCJ-CID, civil action no. 6:19cv350, 2021 U.S. Dist. LEXIS 114257, 2021 WL 2491797 (E.D.Tex., May 10, 2021), *Report adopted at* 2021 WL 2474515 (E.D.Tex., June 17, 2021) (alleged newly discovered evidence of letters written by the petitioner's co-defendant did not toll limitations because the factual predicate of the claim was available at the time of the petitioner's guilty plea); White v. Director, TDCJ-CID, civil action no. 6:19cv431, 2021 U.S. Dist. LEXIS 50102, 2021 WL 1015951 (E.D.Tex., February 5, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 48808, 2021 WL 978760 (E.D.Tex., March 16, 2021) (alleged newly discovered evidence gathered through phone calls with the state's witness could not toll the limitations period because the information was available at the time of the guilty plea).

Furthermore, the purported recantation letter from Linda Henderson is not sufficient to show that in light of the allegedly newly discovered evidence, no reasonable juror would have returned a verdict of guilt. Aside from the fact that the letter is unsworn and thus not competent evidence, the Fifth Circuit has explained that recanting statement from victims or witnesses are properly viewed with skepticism. Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir. 1996); Komolafe v. Quarterman, 246 F.App'x 270, 2007 U.S. App. LEXIS 20257, 2007 WL 2455293 (5th Cir., August 24, 2007). In Brown v. Director, TDCJ-CID, civil action no. 9:16cv143, 2018 U.S. Dist. LEXIS 132690, 2018 WL 3738018 (E.D.Tex., July 13, 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 131844, 2018 WL 3729682 (E.D.Tex., August 5, 2018), the petitioner sought to evade the statute of limitations by presenting an affidavit from a witness recanting testimony offered against the petitioner. This Court concluded that the affidavit was not sufficient to establish that it was more likely than not that no reasonable juror would have convicted the petitioner and that the petitioner therefore could not pass through the gateway opened by McQuiggin. The letter presented by

Petitioner here is similarly insufficient. Petitioner has failed to set forth a colorable claim of actual innocence sufficient to evade the statute of limitations. His petition is barred by limitations and should be dismissed.

**IV. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. James v. Cain, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner's petition is barred by the statute of limitations. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 12th day of September, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE